**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JUAN MANUEL SANTANA BAEZ, | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL INDICTMENT NO. |
| v. | : | 1:13-CR-0280-WSD-JFK-4 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL FILE NO. |
| Respondent. | : | 1:16-CV-2771-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Juan Manuel Santana Baez, proceeding *pro se*, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court for preliminary review of Movant's § 2255 motion [238]. Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed as untimely.[1]

---

[1] The opportunity to object to this recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition. See Day v. McDonough, 547 U.S. 198, 209-10 (2006) (holding "that district courts are permitted,

**I.     Discussion**

Movant pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii), a crime subject to up to a life term of imprisonment. (Indictment at 1-2, ECF No. 1; Guilty Plea and Plea Agreement at 3, ECF No. 176-1). By judgment entered on December 15, 2014, the Court imposed on Movant a seventy-month term of imprisonment. (J., ECF No. 219). The record shows no direct appeal. On July 25, 2016, Movant filed his current § 2255 motion.[2] (Mot. to Vacate, ECF No. 238). Movant asserts that he is entitled to a two-level role reduction based on the November 15, 2015, sentencing guidelines amendment that amended the commentary to U.S.S.G.

---

but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition" but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); Vazquez v. Sec'y, Fla. Dep't of Corr., _ F.3d _, _, 2016 WL 3568117, at *3 (11th Cir. July 1, 2016) (clarifying that district court abuses its discretion to consider timeliness when the state has "deliberately steered" the court away from the question (quoting Wood v. Milyard, _ U.S. _, _, 132 S. Ct. 1826, 1835 (2012)) (internal quotation marks omitted)).

[2]Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988), and Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

§ 3B1.2.[3] Movant asserts that his § 2255 motion was timely filed within one-year of the amendment. (Mot. to Vacate at 1).[4]

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[3] Amendment 794 is a clarifying amendment that amended the commentary to § 3B1.2 and provided a non-exhaustive list of factors to be considered for a minor- or minimal-participant role reduction. See U.S.S.G. 3B1.2, Application Notes 3.(C); United States v. Casas, 632 F. App'x 1003, 1004 (11th Cir. 2015) (discussing Amendment 794 as a clarifying amendment); United States v. Trintidia, No. CIV-16-944-D, 2016 WL 4468263, at *1 (W.D. Okla. Aug. 24, 2016) (discussing Amendment 794).

Generally, a request for a sentence reduction based on a guidelines amendment should be brought under 18 U.S.C. § 3582(c)(2). See United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003) (discussing § 3582(c)(2)). The Court does not construe this action as being brought under § 3582 for two reasons. Movant is aware of § 3582 and nonetheless chose to bring this action under § 2255. (See Mot. to Reduce Sentence, ECF No. 232; Mot. to Vacate). Further, amendment 794 is not listed as a covered amendment in U.S.S.G § 1B1.10(d) and, thus, a reduction would be against the guidelines policy statement on guidelines-amendment reductions. See United States v. Garcia, No. CR-98-2073-FVS, 2016 WL 4521690, at *2 (E.D. Wash. Aug. 29, 2016).

[4] Movant also states that his motion should not be construed as successive. (Mot. to Vacate at 1). However, there is no indication in the record that Movant previously filed a § 2255 motion.

3

>States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting Holland v. Florida, 560 U.S. 631, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted). In addition, under the fundamental miscarriage of justice standard, actual innocence provides an exception to the limitations period, "but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1933 (2013)); see also Berry v. United States, 468 F. App'x 924, 925 (11th Cir. 2012) ("[A]ctual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard.").

4

Because Movant did not directly appeal, his federal conviction became final on December 29, 2014, fourteen days after the December 15 entry of judgment. See Fed. R. App. P. 4(b)(1)(A). Under § 2255(f)(1), Movant's § 2255 motion was due by December 29, 2015, and his July 2016 motion is untimely by over six months. Section 2255(f)(2) is inapplicable because Movant alleges no unlawful government impediment that prevented him from filing a § 2255 motion earlier. Section 2255(f)(3) is unhelpful because Movant presents no right newly recognized by the United States Supreme Court. Section 2255(f)(4) also is inapplicable because a guidelines amendment does not qualify as a supporting fact to a claim for relief. See Madaio v. United States, 397 F. App'x 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." (emphasis in original) (quoting § 2255(f)(4))); Thomas v. United States, No. 2:09-CR-00277-RDP-JE, 2014 WL 4715861, at *4 (N.D. Ala. Sept. 22, 2014) ("The limitations period of § 2255(f)(4) is triggered by the actual or imputed discovery of the important facts underlying a claim, not the defendant's recognition of the legal significance of those facts."); Seals v. United States, No. 08-CV-80, 2009 WL 1108482, at *2 (S.D. Ill. Apr. 24, 2009)

(stating that a guidelines amendment is not a fact in that "[t]he Amendment is not 'subject to proof or disproof,' but is rather a substantive legal change" (citation not provided)).

Further, Movant does not show that he is entitled to equitable tolling. See United States v. Snyder, No. 1:99-CR-11, 2008 WL 370663, at *2 (N.D. Ind. Feb. 11, 2008) ("[The movant] cites no authority, and this court has found none to support the proposition that changes or amendments to existing sentencing guidelines constitutes an extraordinary circumstance thereby justifying equitable tolling of the AEDPA statute of limitations."). The actual innocence exception also is unhelpful because Movant's sentence was below the statutory maximum for his crime, and Movant shows no fundamental miscarriage of justice.[5] See Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014) ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of

---

[5]Movant admitted that he was guilty of conspiring to distribute and possess with intent to distribute cocaine, (see J.), and admits in his § 2255 motion that he installed secret compartments in vehicles, (Mot. to Vacate at 3).

6

justice."), cert. denied, _ U.S. _, 135 S. Ct. 2836 (2015);[6] Berry, 468 F. App'x at 926 ("The actual innocence exception has no application to Berry's sentencing claim that he was wrongly sentenced as a career offender."); Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998) (holding that challenge based on guidelines clarifying amendment did not show a complete miscarriage of justice and stating that "a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice"). Movant's § 2255 motion must be dismissed as untimely.

Further, Movant's claim is not cognizable under § 2255. "An error that is not jurisdictional or constitutional will form the basis for § 2255 relief only where 'the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" Ayuso v. United States, 361 F. App'x 988, 991 (11th Cir. 2010) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). Generally, a "sentencing claim is not cognizable under § 2255 because it is not a constitutional error

---

[6] "[A]ny miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence [the movant], the district court could impose the same sentence again." Spencer, 773 F.3d at 1140. The court also could impose a longer sentence. Id.

7

and does not rise to the level of a miscarriage of justice." Id.; see also Spencer, 773 F.3d at 1135 ("Spencer cannot collaterally attack his sentence based on a misapplication of the advisory guidelines.").

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because untimeliness is not debatable. If the Court adopts this recommendation and denies a

8

COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion [238] be **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 1st day of September, 2016.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)